**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Daniel Connelly, | : |
| | : Civil Action No.: _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Richard J. Boudreau & Associates, LLC; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Daniel Connelly, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Daniel Connelly ("Plaintiff"), is an adult individual residing in Andover, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant Richard J. Boudreau & Associates, LLC ("Boudreau"), is a New Hampshire business entity with an address of 5 Industrial Way, Salem, New Hampshire 03079, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.       Does 1-10 (the "Collectors") are individual collectors employed by Boudreau and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.       Boudreau at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.       The Plaintiff incurred a financial obligation in the approximate amount of $9,000 (the "Debt") to an original creditor (the "Creditor").

9.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Boudreau for collection, or Boudreau was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Boudreau Engages in Harassment and Abusive Tactics**

12.      Boudreau placed five (5) calls a week to Plaintiff in an attempt to collect the Debt.

13.     Boudreau threatened to take legal action against Plaintiff. No such action has been taken to date.

14.     Boudreau has used rude and abusive language when speaking with Plaintiff.

15.     Boudreau has failed to send Plaintiff a 30-Day Validation Notice.

**C. Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

21.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

3

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33.      The Defendants employed unfair or deceptive acts to collect the Debt, in

violation of M.G.L. c. 93A § 2.

34.      Defendant's failure to comply with these provisions constitutes an unfair or

deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble

damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

36.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

37.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of

privacy, thus Defendant violated Massachusetts state law.

38.     The Defendant intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff with excessive phone calls.

39.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

42.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

45.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

46.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT V
## COMMON LAW FRAUD

47.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

48.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute fraud under the Common Law of the State of Massachusetts.

49.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants. All acts of Defendants and the Collectors complained of herein were committed

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.

    §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

    c.  93A § 3(A);

5.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.  Actual damages from Defendants for the all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for the Plaintiff;

7.  Punitive damages; and

8.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 1, 2010

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff